# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **DAVID E. BAIRD** | **PLAINTIFF/APPELLANT** |
| **V.** | **NO. 1:19CV03-M** |
| **ALLEN E. CROSTHWAIT** | **DEFENDANT/APPELLEE** |

| | |
|---|---|
| **DAVID E. BAIRD** | **PLAINTIFF/APPELLANT** |
| **V.** | **NO. 1:18CV225-M** |
| **ALLEN E. CROSTHWAIT** | **DEFENDANT/APPELLEE** |

## <u>ORDER</u>

This is a bankruptcy appeal in which appellant David Baird seeks for this court to reverse U.S. Bankruptcy Judge Jason Woodard's decision not to award him certain statutory damages for appellee Allen Crosthwait's acts of timber trespass. The court, having considered the memoranda and submission of the parties, concludes that the bankruptcy court's rulings should be affirmed.

In his brief, appellee characterizes this bankruptcy appeal as "frivolous," and while this court is not prepared to go that far, it is plain that it suffers from rather glaring defects. Before discussing these defects, this court initially notes that Judge Woodard's findings of law in this case are subject to a *de novo* review, and his findings of fact are reviewed on a "clear error" standard. *See Gen. Elec. Capital Corp. v. Acosta (In re Acosta),* 406 F.3d 367, 372 (5th Cir. 2005). While this court's standard of review is thus clear, its application of that standard is heavily impacted by deficiencies in appellant's prosecution of this appeal. The most glaring

deficiency lies in the fact that appellant has not attached the transcript of the proceedings before Judge Woodard, in spite of the fact that this court allowed him lengthy extensions of time to prosecute this appeal. Throughout his brief, appellee notes instances in which appellant seeks to allege certain facts outside of the record on appeal, and this court agrees that this is improper. Moreover, in his briefing, appellant repeatedly fails to address Judge Woodard's reasoning as to some of his points of error or provides a very selective discussion of that reasoning. This omission leaves him in a very poor position to argue that the Bankruptcy Court's rulings were erroneous as a matter of law.[1]

All parties agree that Mississippi law governs this dispute, which involves a rather uncomplicated instance of timber trespass. In his memorandum opinion, Judge Woodard described the facts of this case as follows:

> The facts are relatively straightforward. The Plaintiff owns a large tract of land bordered by the Defendant's large tract of land. The Plaintiff's tract is entirely covered in timber, both 70 to 75-year-old hardwood trees and 20 to 30 year-old pine trees. The Defendant's land is almost entirely cultivated row crop land. In many places, the crop extends up to the property line.
> In late September 2014, the Defendant hired D.L. Boyd to cut the small amount of timber on the Defendant's land. The Defendant was not present when the logging occurred. Instead, he relied on Mr. Boyd to determine the property line and cut accordingly. Mr. Boyd is a logger, not a surveyor, and has no surveying certifications of any kind. After the trees were cut and the dispute arose, both parties hired surveyors to determine the proper boundaries. The surveyors agree that the Plaintiff is correct. The Defendant's own surveyor, Harold Dendy, agrees that the Defendant cut over 14 acres of hardwood and pine trees on the Plaintiff's property.

---

[1] Additionally, this court notes that appellant frequently asserts new arguments in his reply brief, which effectively serves to deny appellee the right to rebut those arguments. Indeed, this court, through its staff, made it clear to the parties that it was essential, under the deadlines set forth in the Civil Justice Reform Act, that it rule on this appeal in the very near future and that it would do so shortly after receiving appellant's reply brief. Under these circumstances, it seems particularly inappropriate for appellant to have raised new arguments in his reply brief, since this court had made clear that there was no time to consider any sur-rebuttal briefing.

[Memorandum op. at 3-4].  At trial, appellee maintained that he had gained ownership of the property in question by adverse possession, but Judge Woodard rejected this argument.  Judge Woodard found that appellee had unlawfully cut timber belonging to appellant, and he accordingly awarded appellant statutory damages and expenses under Mississippi Code Annotated § 95-5-10(1) and (3).

While Judge Woodard thus sided with appellant regarding the basic issue of timber trespass, he also found that appellee "did not willfully or recklessly cut the Plaintiff's timber; thus, the Plaintiff is not entitled to enhanced damages."  [*Id.* At 2]  It is this latter ruling which is the subject of appellant's first point of error.  The parties agree that the availability of enhanced damages is determined by reference to Miss. Code Ann. § 95–5–10, which is Mississippi's statute governing timber trespass.  As amended in 1989, the statute provides that:

> (1) If any person shall cut down, deaden, destroy or take away any tree without the consent of the owner of such tree, such person shall pay to the owner of such tree a sum equal to double the fair market value of the tree cut down, deadened, destroyed or taken away, together with the reasonable cost of reforestation, which cost shall not exceed Two Hundred Fifty Dollars ($250.00) per acre. The liability for the damages established in this subsection shall be absolute and unconditional and the fact that a person cut down, deadened, destroyed or took away any tree in good faith or by honest mistake shall not be an exception or defense to liability. To establish a right of the owner prima facie to recover under the provisions of this subsection, the owner shall only be required to show that such timber belonged to such owner, and that such timber was cut down, deadened, destroyed or taken away by the defendant, his agents or employees, without the consent of such owner. The remedy provided for in this section shall be the exclusive remedy for the cutting down, deadening, destroying or taking away of trees and shall be in lieu of any other compensatory, punitive or exemplary damages for the cutting down, deadening, destroying or taking away of trees but shall not limit actions or awards for other damages caused by a person.
> (2) If the cutting down, deadening, destruction or taking away of a tree without the consent of the owner of such tree be done **willfully, or in reckless disregard** for the rights of the owner of such tree, then in addition to the damages provided for in subsection (1) of this section, the person cutting down, deadening, destroying or taking away such tree shall pay to the owner as a penalty Fifty-five Dollars ($55.00) for every tree so cut down, deadened, destroyed or taken away if such tree is seven (7) inches or more in diameter at a height of eighteen (18) inches above ground level, or Ten Dollars ($10.00) for every such tree so cut down, deadened, destroyed or taken away if such tree

is less than seven (7) inches in diameter at a height of eighteen (18) inches above ground level, as established by a preponderance of the evidence. To establish the right of the owner prima facie, to recover under the provisions of this subsection, it shall be required of the owner to show that the defendant or his agents or employees, acting under the command or consent of their principal, willfully and knowingly, in conscious disregard for the rights of the owner, cut down, deadened, destroyed or took away such trees.
(3) All reasonable expert witness fees and attorney's fees shall be assessed as court costs in the discretion of the court.

Miss.Code Ann. § 95–5–10 (1994) (emphasis added).

Section 95-5-10(2) thus authorizes enhanced damages only as a remedy for instances of timber trespass which are "done willfully, or in reckless disregard for the rights of the owner." In his ruling, Judge Woodard correctly applied this legal standard, writing that "the Defendant did not willfully or recklessly cut the Plaintiff's timber; thus, the Plaintiff is not entitled to enhanced damages under § 95-5-10(2)." [Op. at 2]. In explaining his reasons for so ruling, Judge Woodard wrote that:

> The Court does not find that the Defendant intentionally cut the Plaintiff's trees. He believed that he was having his own trees cut and had no knowledge that the property line had been crossed. His actions were not willful, as the term is used in the statute.
> The Defendant also did not cut the timber with reckless disregard for the Plaintiff's rights. The Defendant intended for Mr. Boyd to find the correct line and to only cut the Defendant's trees, but Mr. Boyd did not find the correct line. The Defendant did not recklessly guess at the boundary and begin cutting. He requested that Mr. Boyd find the line and cut to it. Because the Defendant did not willfully cut the trees or do so with reckless disregard for the Plaintiff's rights, the Plaintiff is not entitled to additional damages under § 95-5-10(2).

[Op. at 10].

In his brief, appellant writes that the statute "requires that proof must show that such cutting of a tree be done willfully **or** in reckless disregard of the rights of the owner of the tree." [Brief at 15]. Appellant thus highlights the "or" in the statutory language, as if to suggest that Judge Woodard had merely found that Crosthwaite's actions demonstrated a lack of willfulness. As quoted above, however, this is plainly not the case, since Judge Woodard expressly found that

appellee's actions did not demonstrate "reckless disregard" for appellant's rights either. It is thus clear that Judge Woodard applied the correct legal standard in this case, and, given the absence of a trial transcript in the record, appellant is clearly unable to demonstrate "clear error" in his findings of fact.

In his brief, appellant attempts to cast doubt upon Judge Woodard's ruling by noting that some of the Mississippi Supreme Court decisions which he cited in his opinion predated the 1989 amendment of § 95-5-10(2). [Brief at 14]. Appellant notes that this amendment removed a "good faith" defense which had previously existed under the statute, and it may (or may not) be true that this amendment casts doubt upon at least some of the timber trespass precedent upon which Judge Woodard relied. Ultimately, however, this court regards this issue as a red herring, since, in making his actual ruling in this case, Judge Woodard plainly applied the "willful or reckless disregard" standard set forth in the current version of § 95-5-10(2). Moreover, given the absence of a trial transcript in the record, appellant is not in a position to demonstrate that Judge Woodard's findings of fact in this regard were erroneous, much less "clearly" in error. This point of error is therefore without merit.

In his next point of error, appellant takes issue with Judge Woodard's refusal to award pre-judgment interest. As to this issue, however, appellant fails to adequately address Judge Woodard's finding that he failed to timely request this element of damages. In a December 19, 2018 order addressing this issue, Judge Woodard explained that "the Plaintiff failed to request prejudgment interest in any of his pleadings prior to entry of the Court's Memorandum Opinion and Final Judgment, which is fatal to his request for prejudgment interest." [Dec. 19 order at 1]. In discussing appellant's procedural default in this regard, Judge Woodard wrote that:

> This adversary proceeding was removed to this Court on October 29, 2015. (Dkt. # 1).
> The Plaintiff's Complaint to Quiet Title and Recover Damages for Timber Trespass made

no mention of prejudgment interest. (Dkt. # 11). A pretrial conference was held on July 11, 2017 and a Pretrial Order entered. (Dkt. # 108). The Pretrial Order, prepared and agreed to by the parties, did not include any reference to prejudgment interest. The Plaintiff filed numerous other pleadings prior to trial with no mention of prejudgment interest. At trial, the Plaintiff made no request for prejudgment interest and put on no evidence in that regard. On September 25, 2018, the Court entered its Memorandum Opinion. (Dkt. # 144).

On October 8, 2018, the Plaintiff filed its Motion for Prejudgment Interest (the "First Motion for Prejudgment Interest") (Dkt. # 151). The First Motion for Prejudgment Interest was a direct copy and paste of the Plaintiff's Motion to Amend Finding of Facts (Dkt. # 152). It did not reference prejudgment interest, other than in the title, and was denied. (Dkt. # 153). On October 18, 2018, after a determination of attorney's fees, the Final Judgment was entered. (Dkt. # 156). On October 26, 2018, the Plaintiff filed his Second Motion for Prejudgment Interest (Dkt. # 159), for the first time presenting a colorable claim to prejudgment interest.

[*Id.* at 2].

It is well-settled under Mississippi law that awarding prejudgment interest is within the discretion of the trial judge, but, in order to obtain such damages, the plaintiff is first required to request prejudgment interest in his pleadings. *Upchurch Plumbing, Inc. v. Greenwood Utilities Com'n*, 964 So. 2d 1100, 1118-19 (Miss. 2007); *Theobald v. Nosser*, 784 So. 2d 142, 145 (Miss. 2001); *Cain v. Cain*, 967 So. 2d 654, 663 (Miss. Ct. App. 2007) ("In Mississippi, the trial judge possesses the authority to award prejudgment interest to the prevailing party in a breach of contract suit if prejudgment interest was requested in the complaint."). In his brief, appellant rather vaguely asserts that he "has requested that the court award prejudgment interest," [brief at 15], but he fails to address Judge Woodard's specific findings that he failed to *timely* request this element of damages. As quoted above, Judge Woodard found that appellant first asserted a colorable claim for prejudgment interest after his Final Judgment had been entered, and this court finds that he was well within his discretion in concluding that this was simply too late. This point of error is therefore not well taken and will be denied.

As his final point of error, appellant argues that Judge Woodard erred in denying his request to lift the bankruptcy stay after entering judgment against appellee in the amount of $112,262.79. As to this point of error, appellant argues in his appellate brief that:

> Baird has requested that the Court lift the automatic stay so as to allow him to begin collection of the Judgment of the Court. The Court denied the request to lift the stay. There was no evidentiary hearing of the motion(s) to lift the stay. Baird asserts that Crosthwait testified that he was near being debt free and that he owns some 4,000 acres of land.

[Brief at 16]. In his reply brief, appellant writes that:

> The appellee debtor in bankruptcy argues that a lift of the stay is not proper without amending the plan in his Chapter 11 case which appears to have been in place since the year 2005. The Bankruptcy Court had full knowledge of the facts leading to the judgment. The appellee's brief states that the claim of David Baird for the loss of his timber should be treated as a pre-petition, secured claim. If that is the law, then it is wrong.

[Reply brief at 14].

This court finds appellant's arguments, lacking in either authority or citations to a (virtually-non-existent) record, to be unpersuasive. Indeed, after appearing, in his last sentence quoted above, to acknowledge that the law is against him on this issue, appellant argues that "there is no equity in disallowing [him] to ask for and demand compensation, and the Court should lift the stay and permit execution on his judgment." [*Id.* at 14]. Unsurprisingly, however, appellant offers this court no authority suggesting that it is authorized to disregard bankruptcy law and to reverse Judge Woodard's ruling based upon principles of equity. In light of the foregoing, this court concludes that appellant has failed to present sufficient arguments or proof on appeal to warrant a reversal of Judge Woodard's order refusing to lift the stay. Nevertheless, this court emphasizes that nothing in its order today seeks to preclude appellant from making renewed efforts to lift the bankruptcy stay so that he may collect upon his judgment against appellee. While this court concludes that appellant has failed, to date, to offer sufficient

authority suggesting that the stay should be lifted, this does not necessarily mean that he will be unable to make such a showing in the future.  With this caveat, this point of error is overruled.

It is therefore ordered that the rulings of the Bankruptcy Court are affirmed, and these two appeals are closed.[2]

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

This the 9th day of September, 2019.


**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] The parties have filed various motions to dismiss and for extensions of time regarding the extensive delays and procedural irregularities which have occurred in this appeal, due primarily to appellant's actions.  These delays notwithstanding, this court has chosen to address this appeal on its merits, and the pending motions will therefore be terminated as moot.  As discussed in this order, however, this court has not excused appellant's failure to properly prosecute this appeal by filing a transcript of the proceedings below.  In this sense, this court has found some of appellee's objections to the prosecution of this appeal to be meritorious, but it has chosen to address them in the context of a ruling on the merits of the appeal, rather than in the context of a motion to dismiss the appeal.